NORTHERN NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16691.   Promulgated May 21, 1929.

*F. W. McReynolds, Esq.,* for the petitioner.
*Harold Allen, Esq.,* and *W. R. Lansford, Esq.,* for the respondent.

**OPINION.**

SIEFKIN: It is clear to us that, as to the deduction for the bad debt, the respondent's action was erroneous. From the facts before us, there is ample to hold that the debt was ascertained to be worthless and charged off in 1918, and that the deduction should be allowed. The fact that the petitioner held an insurance policy upon the life of the debtor does not change our conclusion, since such policy was a term policy without cash surrender, extension, or paid-up insurance value. In a number of cases we have reduced the amount of the debt by the cash value of the policy retained by the creditor (see *Citizens Trust Company of Utica*, 2 B. T. A. 1239; *Hart-Wood Lumber Co.*,

5 B. T. A. 1171; and *Cadwalader et al., Executors*, 15 B. T. A. 1), but here there is no such cash value and all of the facts are present to show worthlessness of the debt otherwise.

As to the second issue, it is equally clear that the respondent properly added $9,941.88 to the petitioner's reported income for 1918. The petitioner argues that in 1917 it was on an accrual basis of accounting and properly reported, under such basis, interest accrued but not paid in the above amount and that, beginning in 1918, it changed to the cash receipts and disbursements basis. There is no foundation in the record for such statements of fact. So far as we can tell from the record, the petitioner erroneously included such amount as income in 1917, which is no justification for an omission from income in 1918, when it was paid. On this point the action of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered under Rule 50*